UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                                  Criminal Case No. 12-20372

Terrance Phillips,                                      Sean F. Cox
                                                                  United States District Court Judge
    Defendant.
_____/

**OPINION & ORDER
DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

In this criminal action, Defendant Terrance Phillips ("Defendant") was convicted of a drug-trafficking offense and was sentenced to ten years imprisonment. Defendant has served approximately two years of that ten-year sentence and is presently being housed at Federal Correctional Institution ("FCI") Loretto, in Loretto Pennsylvania. The matter is before the Court on Defendant's *pro se* Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), which is based upon concerns about the ongoing novel coronavirus pandemic ("COVID-19"). This motion asks the Court to allow Defendant to serve the remainder of his sentence at home because he is concerned that he could contract the virus, and that he may be vulnerable to severe illness if he were to contract it because he is diabetic and has heart disease. The Court concludes that a hearing is not warranted and orders that the motion will be decided based upon the briefs. As explained below, the Court shall DENY the motion because Defendant has not shown that there are extraordinary and compelling reasons to reduce his sentence, that his release would be consistent with applicable policy statements issued by the Sentencing Commission, or that the 18 U.S.C. § 3553(a) sentencing factors favor his release.

## BACKGROUND

In this criminal case, Defendant pleaded guilty to Conspiracy to Possess With Intent to Distribute and to Distribute More Than Five Kilograms of Cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A). On March 16, 2018, this Court sentenced Defendant to a term of ten years imprisonment.

Defendant began serving his sentence on May 1, 2018. Thus, Defendant has served roughly two years of his ten-year sentence. Defendant is currently housed at Loretto FCI. Prior to his incarceration, in 2014, Defendant had a heart attack and spent several days in the hospital. (*See* PSR at 13). During that hospitalization, Defendant learned that he has diabetes and high blood pressure. (*Id.*). Defendant had two stents placed in 2016. (*See* Govt.'s Sealed Ex., ECF No. 501). While incarcerated, Defendant has been taking prescription medications to manage his diabetes and hypertension.

Defendant filed his Motion for Compassionate Release on May 1, 2020. The Government opposes the motion.

## ANALYSIS

Defendant's Motion for Compassionate Release is brought under 18 U.S.C. §3582(c)(1)(A) and asks this Court to allow him to serve the remaining eight years of his sentence in home confinement.

**A.     The Parties' Arguments**

Defendant's motion is grounded in the COVID-19 pandemic. This motion asks the Court to allow Defendant to serve the remainder of his sentence at home because he is concerned that he could contract the virus and that he may be vulnerable to severe illness, if he were to contract it, because he has diabetes and high blood pressure.

The Government opposes the motion, asserting that Defendant does not qualify for compassionate release. Its arguments include that: Defendant has only served a fraction of his sentence; as of June 4, 2020, the FCI where Defendant is housed has had no confirmed COVID-19 cases; the Bureau of Prisons has responded to the pandemic by taking various measures to protect inmates and mitigate the risk of the virus within its facilities; Defendant's diabetes and hypertension are being managed with medication; Defendant is ineligible because he is a danger to the community; and consideration of the § 3553(a) factors weighs against his request.

**B.    Waiver Of Exhaustion Requirement**

18 U.S.C. § 3582(c)(1)(A) allows a criminal defendant to move to modify his term of imprisonment "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"  In *Alam*, the Sixth Circuit held that § 3582(c)(1)(A)'s exhaustion requirement is a mandatory claims-processing rule. *United States v. Alam*, __ F.3d __, 2020 WL2845694 (6th Cir. June 2, 2020).

"If properly invoked, mandatory claims-processing rules must be enforced, but they may be waived or forfeited." *Hamer v. Neighborhood Hous. Servs. of Chi.*, __ U.S. __ 138 S.Ct. 13, 17, 199 L.Ed.2d 249 (2017).  Forfeiture is "the failure to make the timely assertion of a right," whereas waiver is the "relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733, 113 S.Ct. 1770, 1777, 123 L.Ed.2d 508 (1993).  "[W]aiver requires some affirmative act that shows a party has willfully declined to assert a right." *United States v. Holland*, 522 F. App'x 265, 272 (6th Cir. 2013).

3

Here, the Government's response to Defendant's motion notes that Defendant failed to comply with § 3582(c)(1)(A)'s exhaustion requirement. (*See* ECF No. 498 at PageID.2086) ("Phillips was supposed to exhaust his administrative remedies *before* filing his motion with this court. So technically, his motion could be denied on that basis alone.") (emphasis in original). Nevertheless, the Government asks the Court to address the merits of Defendant's motion. (*Id.*). As such, the Court concludes that the Government has waived Defendant's compliance with § 3582(c)(1)(A)'s exhaustion requirement *in this particular case*. This Court will therefore proceed to address the merits of Defendant's motion, rather than dismiss it without prejudice as prematurely filed.

**C.** **Applicable Standards**

This Court recently explained the standards that apply to a motion for compassionate relief:

> Under 18 U.S.C. § 3582(c)(1)(A), the Court may reduce an imposed sentence if it determines that "extraordinary and compelling reasons warrant such a reduction." On top of making this finding, the Court must also consider the sentencing factors described in 18 U.S.C. § 3553(a) and decide if a sentence reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).
> U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the "applicable policy statement" with which the Court must comply when considering Murphy's request for compassionate release. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) and must fit within at least one of four categories of "extraordinary and compelling reasons." Those categories are: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other Reasons." The category of "Other Reasons" requires the BOP to determine that "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons" outlined in the other three categories. U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(D). The BOP has released Program Statement 5050.50 to guide its determination of extraordinary and compelling circumstances under this fourth category. Federal Bureau of Prisons,

> U.S. Department of Justice, Program Statement 5050.50: Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g) (2019).
>
> "In all, a defendant seeking compassionate release must present extraordinary and compelling circumstances, must have § 3553(a)'s sentencing factors weigh in his favor, must not be a threat to others as determined by § 3142(g), and must fit within one of the four categories in § 1B.13 of the Sentencing Guidelines." *United States v. Shah*, 2020 WL 1934930 at *1 (E.D. Mich. April 22, 2020) (citations omitted).

*United States v. Murphy*, 2020 WL 2507619 at *3-4 (E.D. Mich. May 15, 2020).

**D.    Relief Available**

Defendant's motion asks this Court to allow him to serve the remaining eight years of his sentence in home confinement.

As this Court recently explained in *Murphy*, "the compassionate-release statute allows the Court to craft a reduced sentence that, for all practical purposes, looks very much like ordering that [a defendant] be allowed to spend the remainder of his current sentence on home confinement. It just requires a few more steps:"

> Under 18 U.S.C. §3582(c)(1), the Court can reduce [a defendant's] current custodial sentence and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). In other words, the Court could reduce [a defendant's] current sentence to time served, then order [that defendant] to serve a time period equal to his undischarged prison term on supervised release and order that, as a condition of that release, he be confined to his home. *See, e.g., United States v. Hunt*, 2020 WL 239522 at *8 (E.D. Mich. May 12, 2020).

*United States v. Murphy*, supra, at *4.

But modifying a defendant's sentence in this way would still require a reduction of his current custodial sentence. *Id*. Thus, Defendant would still need to meet the conditions described above.

**E.    Extraordinary and Compelling Reasons / U.S.S.G. § 1B1.13**

5

As this Court recently explained in *Murphy*:

> The First Step Act effectively transferred the power to determine whether "extraordinary and compelling reasons" exist from the BOP to the federal courts. *See, generally, United States v. Young*, 2020 WL 1047815 at *3-6 (M.D. Tenn. March 4, 2020) (describing changes in the statutory and regulatory standards that governed compassionate release motions from 1984 to the present). Before the First Step Act, the BOP made that call by applying a standard articulated by the United States Sentencing Commission in an Application Note to U.S.S.G. § 1B1.13. *Id.* Today, that finding is not predicated on either that Application Note or the BOP's judgment because the First Step Act gave the judiciary "the authority to reduce a prisoner's sentence upon the [C]ourt's independent finding of extraordinary or compelling reasons." *Id*. at *6 (collecting cases). To make this finding, the Court may still look to § 1B1.13's Application Note for guidance in applying this "vague standard." *United States v. Ebbers*, __ F.Supp.3d __, 2020 WL 91399 at *2 (S.D.N.Y. Jan. 8, 2020); *see also United States v. Beck*, 425 F.Supp.3d 573, 579 (M.D.N.C. 2019).
> 
> To begin, § 1B1.13's Application Note provides certain circumstances in which a prisoner's medical condition constitutes an extraordinary and compelling reason for a sentence reduction:
> 
> 1. Extraordinary and Compelling Reasons.--Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
> 
>    (A) Medical Condition of the Defendant.
> 
>       (I) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> 
>       (ii) The defendant is
> 
>          (I) suffering from a serious physical or medical condition,
> 
>          (II) suffering from a serious functional or cognitive impairment, or
> 
>          (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the

>                          environment of a correctional facility and from which he or
>                          she is not expected to recover.

U.S.S.G. § 1B1.13, comment. (n.1) (2018).

*Murphy, supra*, at * 4-5.

Here, Defendant does not meet either circumstance described in § 1B1.13's Application Note. He is a 50-year-old man who is in fairly good health. While Defendant does have diabetes and hypertension, those conditions are being managed with prescription medications. There is no indication that Defendant's asthma or hypertension could be considered a "terminal illness (ie., a serious and advanced illness with an end of life trajectory") or that they pose a "serious physical or medical condition" that "substantially diminishes [his ability] to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover."

Moreover, the Court concludes that the circumstances presented here do not provide "extraordinary and compelling" reasons to reduce Defendant's sentence. "A court in this district has defined 'extraordinary' as 'exceptional to a very marked extent,' and 'compelling' as 'tending to convince or convert by or as if by forcefulness of evidence.' *Shah,* 2020 WL 1934930 at *2 (E.D. Mich. April 22, 2020) (quoting Webster's Third International Dictionary, Unabridged (2020)). Another court in this district has described the requirements of 'extraordinary' as beyond what is usual, customary, regular, or common,' and 'compelling reason' as one so great that irreparable harm or injustice would result if the relief is not granted. *United States v. Sapp*, 2020 WL 515935 at *3 (E.D. Mich. Jan. 31, 2020) (citations omitted)." *Murphy, supra*, at * 5.

Defendant's concern about COVID-19 is understandable, as its generally accepted that

7

individuals with underlying health conditions like diabetes have a higher risk for complications from COVID-19. *See, eg., Wilson v. Williams*, __ F.3d __, 2020 WL 3056217 at *1 (6th Cir. June 9, 2020).

But Defendant's fear of contracting COVID-19 at FCI Loretto is also speculative. The Government's response indicates that, as of June 2, 2020, there are no confirmed cases of COVID-19 at that correctional facility. And a generalized risk of contracting COVID-19, or potentially developing the more severe symptoms associated with it, are not the type of "extraordinary and compelling reasons" that justify compassionate release. *Murphy, supra*, at *6; *United States v. Shah*, 2020 WL 1834930 at *2 (E.D. Mich. April 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility . . . whether Defendant will contract COVID-19, and whether he will develop serious complications does not justify the extreme remedy of compassionate release."). Further, as detailed in the Government's response, the BOP has instituted strict protocols designed to prevent the spread of COVID-19 within its facilities.

F.	**18 U.S.C. § 3553(a) Factors**

In addition, the 18 U.S.C. § 3553(a) sentencing factors do not favor release in this case. Defendant pleaded guilty to Conspiracy to Possess With Intent to Distribute and to Distribute More Than Five Kilograms of Cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A). Defendant was held accountable for between 5 and 15 kilograms of cocaine. For Defendant's cocaine conspiracy conviction, this Court imposed a term of ten years imprisonment.

To date, Defendant has only served two years of his ten-year sentence. Cutting his bottom-of-the-guidelines sentence to just a fraction of it would not reflect the seriousness of the

8

offense, promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from further crimes of Defendant. This Court concludes that the 18 U.S.C. § 3553(a) sentencing factors do not weigh in favor of compassionate release.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion for Compassionate Release is **DENIED.**

**IT IS SO ORDERED.**

                                                      s/Sean F. Cox
                                                      Sean F. Cox
                                                      United States District Judge

Dated: June 10, 2020