UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                           Criminal Case No. 12-20372

Terrance Phillips,                Sean F. Cox
                                              United States District Court Judge

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND REQUEST FOR COUNSEL

In this criminal action, Defendant Terrance Phillips ("Defendant") was convicted of a drug-trafficking offense and was sentenced to ten years imprisonment.

Acting pro se, on or about May 1, 2020, Defendant filed a Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), based upon concerns about the ongoing novel coronavirus pandemic ("COVID-19").

This Court denied that motion in an Opinion and Order issued on June 10, 2020. (*See* ECF No. 502).

On July 2, 2020, a supplemental filing from Defendant was docketed in this matter. (ECF No. 504). In that submission, Defendant asserts that his request for compassionate release has now been denied by his warden. Defendant also makes additional arguments in support of his motion and asks the Court to appoint counsel for him.

The Court construes this filing as a motion seeking reconsideration of this Court June 10th Opinion and Order and seeking appointment of counsel.

The Court hereby DENIES Defendant's motion for reconsideration because none of the

arguments or citations in the motion impact this Court's ruling. Thus, this Court still concludes that Defendant's Motion for Compassionate Release was properly denied for the reasons set forth in its Opinion and Order.

In addition, even if Defendant has requested the appointment of counsel prior to this Court's ruling, this Court would have denied that request.

The Sixth Amendment secures to a criminal defendant who faces incarceration the right to counsel at all "critical stages" of the criminal process. *United States v. Wade*, 388 U.S. 218, 224 (1967). The United States Supreme Court had held that a prisoner's post-conviction right to counsel extends only to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Thus, the decision whether to appoint counsel for Defendant for purposes of filing a motion for compassionate release is a decision within the sound discretion of a district court. *United States v. Stephens,* 2020 WL 3250226 at *2 (E.D. Mich. June 16, 2020).

Even if Defendant would have requested counsel prior to this Court's ruling, the Court would have declined to appointment counsel. These motions are not complex, either legally or factually, and Defendant is able to draft and file motions of this nature on his own.

Accordingly, IT IS ORDERED that Defendant's motion seeking appointment of counsel is also DENIED.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  August 21, 2020